UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ZAFER SEN,

Petitioner,

v.

Warden, Otay Mesa Detention Center,

Respondent.

Case No.:  3:26-cv-2848-CAB-VET

**ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS WITH LEAVE TO AMEND**

[Doc. No. 1]

Petitioner Zafer Sen, an immigration detainee proceeding pro se[1], has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  [Doc. No. 1 ("Petition").] Petitioner claims that he was taken into immigration custody on October 21, 2025, [*id.* at 6], but provides no other details on the circumstances of his detention or his immigration proceedings to date.  As explained in detail below, the Court **DISMISSES** the Petition **WITH LEAVE TO AMEND**.

///

---

[1] Petitioner may be interested in contacting Federal Defenders of San Diego to see if a Federal Defender can represent Petitioner in this matter.  The telephone number for Federal Defenders' San Diego Office is 619-234-8467 (Toll Free: 888-614-9867) and the El Centro Office is 760-335-3510 (Toll Free: 877-404-9063).

1

A habeas petitioner bears the burden of demonstrating that he is in illegal custody. *See Martinez v. Noem*, No. 25-CV-2740-BJC-BJW, 2025 WL 3171738, at *2 (S.D. Cal. Nov. 13, 2025). "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition[.]" Rules Governing Section 2254 Cases in the United States District Courts, Rule 4; *see also* Rule 1(b) (permitting court to apply Rules Governing Section 2254 Cases to any "habeas corpus petition"). Indeed, "district courts are expected to take 'an active role in summarily disposing of facially defective habeas petitions[.]'" *Pinson v. Carvajal*, 69 F.4th 1059, 1065 (9th Cir. 2023) (citing *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998)).

Given the Petitioner's pro se status, the Court liberally construes the Petition as stating a claim for a violation of the Due Process Clause of the Fifth Amendment based on his prolonged detention. [*See* Petition at 6 ("Ground One: [U]nlawful detention and denial of release determination.").] In similar cases, this Court has used the *Banda* test as a framework, which considers the following six factors: (1) the total length of detention to date, which is the most important factor; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in removal proceedings caused by the detainee; (5) delays in removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal. *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1106 (W.D. Wash. 2019).

Here, the first factor weighs heavily against Petitioner given that he has been detained for approximately seven months. *See Sibomana v. LaRose*, No. 22-CV-933-LL-NLS, 2023 WL 3028093, at *4 (S.D. Cal. Apr. 20, 2023) (highlighting that courts are typically wary of continued custody without a bond hearing when detention extends beyond one year). Moreover, Petitioner does not allege any delays in his proceedings caused by the government or anything else about what has occurred in his immigration process, such as the timing or outcome of any calendar or merits hearings to date. The Court thus finds that Petitioner's continued detention has not become unconstitutionally prolonged and thus dismisses the Petition without ordering a response.

The Court thus **DISMISSES** the Petition for a writ of habeas corpus **WITH LEAVE TO AMEND** to allow Petitioner to file an Amended Petition in the event that his detention extends beyond a year.

The Clerk of the Court shall close the case. If an Amended Petition is filed, the Court will reopen the case.

It is **SO ORDERED**.

Dated: May 18, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge